Antonio Alvarado VALENCIA,
Petitioner-Appellant,

v.

Lee LIMBS, Jr., United States Marshal
for the District of Arizona,
Respondent-Appellee.

No. 80–5609.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 15, 1981.

Decided Aug. 31, 1981.

Rehearing and Rehearing En Banc Denied
Nov. 20, 1981.

---

L. Anthony Fines, Hirsh & Bayles, P. C., Tucson, Ariz., for petitioner-appellant.

John Hawkins, Asst. U. S. Atty., Tucson, Ariz., for respondent-appellee.

Before POOLE and BOOCHEVER, Circuit Judges, and GILLIAM,* District Judge.

POOLE, Circuit Judge:

Antonio Alvarado Valencia appeals the order of the district court denying his petition for habeas corpus relief in international extradition proceedings. After a hearing before a United States Magistrate, it was determined that sufficient evidence exists to extradite appellant to the Republic of Mexico on charges of murder and robbery. We affirm.

I

On December 10, 1979, at approximately 11:30 p. m., a guard was murdered at the jail located in the City Hall of Agua Prieta, Sonora, Mexico. Shortly thereafter, appellant and a companion were arrested in the neighboring border town of Douglas, Arizona. Both men were held in custody; photographs of each were taken and sent to Mexico where they were shown to witnesses at the Agua Prieta jail.

On December 19, 1979, the United States filed a complaint seeking appellant's provisional arrest pending extradition.[1] After an appearance before a United States Magistrate on December 20, an order for Valencia's provisional arrest was entered.

On January 28, 1980, affidavits of the Agua Prieta jail warden, a guard and five inmates, provided by the Mexican authorities in support of the extradition proceeding, were filed with the Magistrate. These affidavits tended to establish that appellant approached a guard and asked for a friend

---

* Honorable Earl B. Gilliam, United States District Judge for the Southern District of California, sitting by designation.

1. A similar complaint was filed against appellant's companion. The magistrate ruled that probable cause did not exist and extradition was not ordered.

whom he understood the police had brought to the jail earlier. When the guard seemed unable or unwilling to answer his questions, appellant and his companion displayed handguns. Two of the affiant inmates indicated that they ran for cover and heard the guard shout, "No! No!" followed by a shot and a final scream from the guard. Four inmates declared in their affidavits that they saw the guard lying on the floor while appellant walked down the prison corridor asking prisoners whether they wanted to leave. Appellant was also seen returning to the office where the guard was shot, taking a rifle and a guard's pistol and driving away with his companion in a grey Pontiac. The five inmates identified appellant from the photograph taken after his arrest in Arizona.

On February 20, after hearing, the Magistrate found appellant extraditable when he determined that the affidavits provided sufficient support for a finding of probable cause to believe that appellant committed the crimes charged in the extradition request.[2]

Appellant sought a writ of habeas corpus in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 2241. The petition was denied and appellant sought review in this court. 28 U.S.C. § 2253.

## II

■ Before extradition may be ordered, the Magistrate must determine that

> there is "competent legal evidence which . . . would justify . . . apprehension and commitment for trial if the crime had been committed in [the forum] state."

*Hooker v. Klein*, 573 F.2d 1360, 1367 (9th Cir. 1978), *quoting, Collins v. Loisel*, 259 U.S. 309, 315, 42 S.Ct. 469, 471, 66 L.Ed. 956 (1921). The necessary finding was made in this case and commitment pending extradition was ordered. No appeal lies; review is possible only by writ of habeas corpus. *See, e. g., Collins v. Miller*, 252 U.S. 364, 369, 40

S.Ct. 347, 349, 64 L.Ed. 616 (1920); *Hooker v. Klein, supra*, 573 F.2d at 1364.

■ The scope of habeas review of a Magistrate's extradition order is traditionally limited to an examination of the following factors: (1) the jurisdiction of the extradition judge to conduct extradition proceedings; (2) the jurisdiction of the extradition court over the fugitive; (3) the force and effect of the extradition treaty; (4) the character of the crime charged and whether it falls within the terms of the treaty; (5) whether there was competent legal evidence to support a finding of extraditability. *See, e. g., Fernandez v. Phillips*, 268 U.S. 311, 312, 45 S.Ct. 541, 542, 69 L.Ed. 970 (1925); *Caplan v. Vokes*, 649 F.2d 1336 at 1340 (9th Cir. 1981); *Hooker v. Klein, supra*, 573 F.2d at 1368. It is generally for the Magistrate to determine if the evidence establishes probable cause to believe that the fugitive committed the crime for which he stands accused. Review of the evidence before the Magistrate has been limited to a determination that there was competent evidence supporting the finding of extraditability. *Fernandez v. Phillips, supra*, 268 U.S. at 312, 45 S.Ct. at 542; *United States ex rel. Sakaguchi v. Kaulukukui*, 520 F.2d 726, 730 (9th Cir. 1975). Appellant suggests that this standard has recently and radically been changed by the decision in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

## III

■ In *Jackson*, the Supreme Court held that a federal court has power by writ of habeas corpus to review a state prisoner's criminal conviction and determine whether any rational factfinder could have found the prisoner guilty beyond a reasonable doubt. 443 U.S. at 318–19, 99 S.Ct. at 2789. This decision altered the perception of many courts of appeals that they could not inquire into the sufficiency of the evidence in a habeas review of a state criminal conviction. 443 U.S. at 316, 99 S.Ct. at 2788.

---

**2.** "Probable cause" is the controlling evidentiary standard when extradition to Mexico is sought.

This circuit had often held before *Jackson* that "allegations of insufficient evidence in a state court trial [were not] reviewable by writ of habeas corpus." *Freeman v. Stone*, 444 F.2d 113, 114 (9th Cir. 1971) (per curiam).

Appellant suggests a parallel between this scope of review in extradition and state criminal cases. His theory is that extradition courts did not review the sufficiency of the evidence of probable cause because they erroneously applied the pre-*Jackson* scope of habeas corpus review. He suggests a broader scrutiny in the light of the Supreme Court decision. We do not agree that *Jackson* has changed the standard of evidentiary review appropriate in extradition cases and we affirm.

### IV

We do not believe that *Jackson*, which itself says nothing about extradition, applies to extradition cases. Under these circumstances, we are institutionally bound by well-settled principles requiring a limited review of the evidence supporting a request for international extradition. Appellant's fundamental misconception is that an extradition proceeding is enough like habeas review of a state criminal conviction to call for similar standards. The courts have consistently rejected efforts to invoke such an equation and we do so now.[3]

When a state prisoner petitions a federal court on habeas corpus alleging insufficient evidence existed for conviction, his guilt has already been adjudged. The Fourteenth Amendment requires that the evidence has been sufficient to persuade the factfinder beyond a reasonable doubt. *See In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). *Jackson* holds that the writ of habeas corpus is available to assure state compliance with this fundamental constitutional requirement. 443 U.S. at 319–20, 99 S.Ct. at 2789–90.

The extradition proceeding, however, makes no determination of guilt or innocence. *See, e. g., Collins v. Loisel, supra*, 259 U.S. at 315, 42 S.Ct. at 471, 66 L.Ed. 956; *United States ex rel. Sakaguchi v. Kaulukukui, supra*, 520 F.2d at 730–31. It is designed only to trigger the start of criminal proceedings against an accused; guilt remains to be determined in the courts of the demanding country. *See Merino v. United States Marshal*, 326 F.2d 5, 11 (9th Cir. 1963), *cert. denied*, 377 U.S. 997, 84 S.Ct. 1922, 12 L.Ed.2d 1046 (1964); *accord, Jhirad v. Ferrandina*, 536 F.2d 478, 484 (2d Cir. 1976) (culpability is to be determined in the demanding country's courts). Thus, the evidence necessary for extradition is of a wholly different character from that mandated by the Fourteenth Amendment to test due process in a state criminal conviction. "Competent evidence to establish reasonable grounds is not necessarily evidence competent to convict." *Fernandez v. Phillips, supra*, 268 U.S. at 312, 45 S.Ct. at 542. The *Jackson* standard is simply inappropriate when the purpose is to demonstrate probable cause to commit the appellant to stand trial.

Nothing in *Jackson* abridges the distinctions between extradition orders and state criminal trials. We affirm the well-established principle that the two are different, and *Jackson* therefore does not alter nearly a century of case law that requires we determine only whether "any evidence warrant[s] the finding that there was reasonable ground to believe the accused guilty." *Fernandez v. Phillips, supra*, 268 U.S. at 312, 45 S.Ct. at 542. Applying that standard, appellant does not seriously contend that the evidence is insufficient to support a finding and order of extradition. The judgment of the district court denying habeas corpus relief is therefore affirmed.

*AFFIRMED.*

---

3. *See, e. g., Merino v. United States Marshal*, 326 F.2d 5, 11 (9th Cir. 1963), *cert. denied*, 377 U.S. 997, 84 S.Ct. 1922, 12 L.Ed.2d 1046 (1964).