Andrija **ARTUKOVIC,**
Petitioner-Appellant,

v.

Richard H. **RISON,** Warden,
Respondent-Appellee.

No. 86–5615.

United States Court of Appeals,
Ninth Circuit.

Feb. 11, 1986.

---

Gary B. Fleischman, Beverly Hills, Cal., Ronald Bonaparte, Los Angeles, Cal., for petitioner-appellant.

David Nimmer, Asst. U.S. Atty., Los Angeles, Cal., for respondent-appellee.

Before WALLACE, PREGERSON and KOZINSKI, Circuit Judges.

AMENDED

ORDER

Artukovic has moved to stay his extradition from the United States to the custody of the Federal Socialist Republic of Yugoslavia. We deny Artukovic's motion.

On May 1, 1985, the United States District Court for the Central District of California issued a Certificate of Extraditability against Artukovic. The certificate was issued pursuant to Article II of the Treaty of Extradition between the United States and Serbia (now part of Yugoslavia) of May 17, 1902, 32 Stat. 1890; 18 U.S.C. §§ 3141, 3181, 3184. On February 6, 1986, the district court 628 F.Supp. 1370 adopted the opinion of Magistrate Volney V. Brown, Jr. denying Artukovic's petition for a writ of habeas corpus, and ordering Artukovic's extradition to Yugoslavia to answer charges of murder. Artukovic has appealed the denial of his habeas corpus petition to this court, and now seeks an emergency order staying his extradition pending the appeal.

We evaluate a motion for a stay pending appeal by employing two interrelated legal tests. *Lopez v. Heckler,* 713 F.2d 1432, 1435 (9th Cir.), *rev'd in part on other grounds,* 463 U.S. 1328, 104 S.Ct. 10, 77 L.Ed.2d 217 (1983). The two tests represent the outer reaches of a single continuum. *Id.* At one end of the continuum, Artukovic must show both a probability of success on the merits in his appeal and the possibility of irreparable injury. At the other end of the continuum, Artukovic must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in his favor. *Id.* Also, in cases such as this, we consider "strongly" the public interest as an additional factor. *Id.*

■ A petition for habeas corpus is the only method of review of an order certifying extradition. *Valencia v. Limbs,* 655 F.2d 195, 197 (9th Cir.1981); *see Collins v. Miller,* 252 U.S. 364, 369, 40 S.Ct. 347, 349, 64 L.Ed. 616 (1920). The scope of habeas review of an extradition order is

severely limited. The petition may challenge the order only on the narrow grounds of whether the extradition court had jurisdiction over the proceedings and the fugitive; whether the offense charged is within the extradition treaty; and "whether there was *any* evidence warranting the finding that there was reasonable ground to believe the accused guilty." *Fernandez v. Phillips*, 268 U.S. 311, 312, 45 S.Ct. 541, 542, 69 L.Ed. 970 (1925) (emphasis added), *cited in Valencia*, 655 F.2d at 198, and *Demjanjuk v. Petrovsky*, 776 F.2d 571, 576 (6th Cir.1985).

The possibility of irreparable injury to Artukovic if we deny his motion is evident: his appeal will become moot and will be dismissed since the extradition will have been carried out. The balance of hardships, however, is tempered by Artukovic's ability to defend himself at trial in Yugoslavia.

■ None of the legal arguments raised by Artukovic's appeal presents a "serious legal question." First, he challenges the validity of the 1902 treaty. We have long held that the 1902 treaty is valid and effective now even though Yugoslavia did not exist as a political unit at the time the treaty was signed. *See Ivancevic v. Artukovic*, 211 F.2d 565, 575 (9th Cir.), *cert. denied*, 348 U.S. 818, 75 S.Ct. 28, 99 L.Ed. 645 (1954).

■ Second, Artukovic argues that the charged offense does not fall within the treaty. Artukovic was charged with crimes involving murder under Yugoslavia law, and murder is the first enumerated extraditable offense in the treaty. Artukovic's argument that his indictment in Yugoslavia for "war crimes" falls outside the treaty "is absurd and offensive." *See Demjanjuk*, 776 F.2d at 580 (upholding extradition of former concentration camp guard to Israel).

■ Third, Artukovic asserts that extradiction is barred by a 1959 ruling from a United States Commissioner holding that Artukovic's offenses were political in nature. *See United States ex rel. Karadzole*

*v. Artukovic*, 170 F.Supp. 383, 393 (S.D. Cal.1959). Res judicata, however, does not apply to extradition proceedings. *Hooker v. Klein*, 573 F.2d 1360, 1366–68 (9th Cir.), *cert. denied*, 439 U.S. 932, 99 S.Ct. 323, 58 L.Ed.2d 327 (1978); *see Collins v. Loisel*, 262 U.S. 426, 429–30, 43 S.Ct. 618, 619, 67 L.Ed. 1062 (1923). In any event, Artukovic presented no evidence to Magistrate Brown that his offenses were political, and "matters arising from [an earlier] extradition proceeding ... are simply irrelevant" to a subsequent extradition order. *Hooker*, 573 F.2d at 1369.

We note that the public interest will be served by the United States complying with a valid extradition application from Yugoslavia under the treaty. Such proper compliance promotes relations between the two countries, and enhances efforts to establish an international rule of law and order.

■ Finally, Artukovic argues that the affidavits offered by the United States on behalf of Yugoslavia do not provide sufficient evidence to support his extradition. Artukovic's appeal will fail if *any* evidence of probable cause exists that he committed an extraditable offense. *See Fernandez*, 268 U.S. at 312, 45 S.Ct. at 542; *Valencia*, 655 F.2d at 198. Moreover, we have recognized that unsworn hearsay statements contained in properly authenticated documents can constitute competent evidence to support a certificate of extradition. *See Zanazanian v. United States*, 729 F.2d 624, 626–27 (9th Cir.1984). The affidavits describe an array of heinous crimes involving Artukovic who held cabinet-level posts in the Nazi puppet-regime in Croatia. In these positions, he is said to have participated directly or indirectly in countless acts of murder and genocide.

We conclude that although Artukovic has shown a possibility of irreparable injury, he has shown no probability of success on appeal. Additionally, his argument raises no serious legal question and the balance of hardships, especially when the substantial public interest is considered, does not tip sharply in his favor. Artukovic's motion to stay his extradition to Yugoslavia

pending appeal on his habeas petition is thus DENIED.