76 F.3d 385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Javier CARRASCO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70588.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 17, 1995.
Decided Jan. 24, 1996.
 
 1
 Before: HALL, and NOONAN, Circuit Judges, and PRO, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Javier Carrasco seeks review of the Board of Immigration Appeals' ("BIA") final order of deportation rendered on August 31, 1994. In his petition, Carrasco argues: (1) that he is eligible for 8 U.S.C. § 1182(c) (Section 212(c)) discretionary relief; (2) that INS' Notice of Appeal form violates due process; and (3) that a stay pending the outcome of his appeal should be granted. Because we do not have jurisdiction over the first claim and find the last two without merit, we deny the petition.
 
 I. Exhaustion of Remedies
 
 4
 In general, we have jurisdiction to review the BIA's final orders of deportation pursuant to 8 U.S.C. § 1105a(a) (1994). However, "[a]n order of deportation shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations." 8 U.S.C. § 1105a(c) (1994). "Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987); Contreras-Buenfil v. INS, 712 F.2d 401, 404 (9th Cir.1983). An exception to the exhaustion requirement has been carved out for constitutional challenges such as due process, so long as the challenge involves more than "procedural error." El Rescate Legal Servs., Inc. v. Executive Office, 959 F.2d 742, 746-48 (9th Cir.1991); Reid v. Engen, 765 F.2d 1457, 1461 (9th Cir.1985).
 
 
 5
 Carrasco's claim for Section 212(c) discretionary relief is not a constitutional claim. Therefore, it does not fall within the exception to § 1105a(c)'s exhaustion rule. Because Carrasco never raised this claim below, we do not have jurisdiction over it.
 
 II. Due Process Claim
 
 6
 Although Carrasco's due process claim is also raised for the first time before this court, we have jurisdiction over this constitutional issue. El Rescate Legal Services, 959 F.2d at 746-48.
 
 
 7
 Carrasco contends that BIA dismissed his appeal summarily and did not consider the merits of his claims on appeal because it concluded that he had not adequately articulated them in his Notice of Appeal. Blue at 7-10. Carrasco then cites Padilla-Agustin v. INS, 21 F.3d 970 (9th Cir.1994), which held "that the concatenation of EOIR-26 [the Notice of Appeal Form Carrasco used], the BIA's strict Notice of Appeal requirements, and the failure [of the BIA] to give any advanced warning before an appeal is dismissed, can result in a violation of the due process rights of the alien." Id. at 977 (parentheticals added).
 
 
 8
 We find Carrasco's due process claim meritless because Padilla-Agustin is distinguishable. In that case, the plaintiff filed a Notice of Appeal pro se in which he waived his right to brief and to oral argument, and stated only that, "the political asylum claim should be decided" in his favor. The BIA summarily dismissed his appeal under 8 C.F.R. § 3.1(d)(1-a)(i), which permits the BIA to summarily dismiss a claim if the alien-appellant fails to specify the basis for his appeal. The petitioner claimed that the Notice of Appeal form did not give him adequate notice of the specificity required to avoid summary dismissal. The court concluded that the form's ambiguity, coupled with the BIA's failure to give advance notice of its consideration of summary dismissal, violated due process.
 
 
 9
 Carrasco's case is different for one simple but important reason: It did not involve summary dismissal. The BIA in this case ruled on the merits of Carrasco's claims. Carrasco claimed in his BIA appeal that his due process rights were violated and that the IJ erred in denying him relief. In its opinion, the BIA found that Carrasco "received all the basic prerequisites of a fundamentally fair hearing",; it also conducted it "own independent review of the record" before finding Carrasco ineligible for any relief. Because the BIA considered the merits of Carrasco's claims, Padilla-Agustin is inapposite; Carrasco received the process which he was due.
 
 III. Request for Stay
 
 10
 Carrasco's request for a stay should also be denied. This court has jurisdiction to hear Carrasco's Renewed Motion to Stay because Carrasco was illegally deported one day prior to the expiration of a stay order issued by the district court. A stay of deportation pending a petition for review is discretionary when the alien has been convicted of an aggravated felony offense. 8 U.S.C. § 1105(a)(3) (1994). In exercising our discretion we look to the likelihood of petitioner's success. Artukovic v. Rison, 784 F.2d 1354, 1355 (9th Cir.1986). Carrasco has no likelihood of success on the merits of his petition. Accordingly, we deny Carrasco's request for a stay of deportation.
 
 
 11
 PETITION FOR REVIEW AND REQUEST FOR STAY DENIED.
 
 
 
 *
 The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3