Ravin MAHARAJ, Petitioner–Appellant,

v.

John ASHCROFT, Attorney General;
et al., Respondents–Appellees.

No. 01–15703.

United States Court of Appeals,
Ninth Circuit.

Filed July 2, 2002.

James Todd Bennett, El Cerrito, CA, for the petitioner-appellant.

Linda S. Wendtland and Shelley R. Goad, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for the respondents-appellees.

Before HAWKINS, TASHIMA and GOULD, Circuit Judges.

## ORDER

We consider whether 8 U.S.C. § 1252(f)(2) limits the authority of federal courts to prevent an alien's removal pending appeal from the denial of a habeas corpus petition challenging the merits of the removal order.

### I.

Appellant Ravin Maharaj is a citizen and native of Fiji. In 1987, he entered the United States at the age of 15 as a lawful permanent resident. Ten years later, Maharaj was convicted of grand theft in violation of California Penal Code § 487(a), and received a 16–month prison sentence. The following year, he was convicted of second degree robbery in violation of California Penal Code § 211, and sentenced to two years' imprisonment. Based on these convictions, removal proceedings were initiated against Maharaj.[1]

In December 2000, the Board of Immigration Appeals ("BIA") dismissed appellant's administrative appeal, after an immigration judge found Maharaj removable on two grounds. *See* 8 U.S.C. § 1227(a)(2)(A)(ii), (iii). In March 2001, appellant filed a motion to reopen with the BIA seeking a waiver of inadmissibility under 8 U.S.C. § 1182(h). A month later, while the motion to reopen was pending, appellant filed a petition for writ of habeas corpus in the Northern District of California. The petition challenged on equal protection grounds the provision codified at 8 U.S.C. § 1182(h)(2) that bars certain lawful permanent residents from obtaining waivers of inadmissibility. The district court rejected Maharaj's constitutional argument and denied the habeas petition on April 16, 2001. On the same day, Maharaj appealed to this court. A week later, the BIA denied the motion to reopen.

Maharaj eventually applied to this court for a stay pending appeal. We temporarily stayed appellant's removal and invited the Department of Justice's Office of Immigration Litigation to express its view regarding the applicability of 8 U.S.C. § 1252(f)(2) to appellant's motion for a stay. The Justice Department responded, and Maharaj submitted replies to the government's supplemental filings.[2]

### II.

The statute in question reads as follows: "Notwithstanding any other provision of law, no court shall enjoin the re-

---

1. Because removal proceedings were initiated against Maharaj after April 1, 1997, his case is governed by the "permanent rules" of the Illegal Immigration Reform and Immigrant Responsibility Act. *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997).

2. We hereby grant appellant's motion to permit the late filing of his last response.

moval of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law." 8 U.S.C. § 1252(f)(2). This court has already wrestled with this exact provision in the context of staying removal pending the disposition of a petition for review. *See Andreiu v. Ashcroft,* 253 F.3d 477, 484 (9th Cir.2001) (en banc) (concluding provision does not apply). Three points made by the court in *Andreiu* compel the conclusion that section 1252(f)(2) does not apply to Maharaj's pending motion.[3]

## A. The Term "Enjoin" Does Not Include Interim Relief

■ First, the en banc court in *Andreiu* noted that, while section 1252(f)(1) refers to "enjoin[ing] or restrain[ing]" certain actions, section 1252(f)(2) refers only to "enjoin[ing] the removal of any alien" and not to "restraining" removal. We said that this difference was significant to understanding the word "enjoin." *See* 253 F.3d at 480. Under this reasoning, section 1252(f)(2) refers only to permanent injunctive relief and not to temporary relief such as an injunction pending appeal.

This conclusion is supported by the Hobbs Act, the statute that generally governs review of agency decisions in the courts of appeals. Section 1252(a)(1) expressly incorporates the Hobbs Act, which specifically distinguishes between "restraining" an agency order on an interlocutory basis and entering a judgment that "enjoins" the order permanently. *See* 28 U.S.C. § 2349(a), (b).

## B. Section 1252(f) Concerns Enjoining the Operation of Immigration Laws

■ The en banc court in *Andreiu* also stated that "[t]he clear concern of [section 1252(f) ] is limiting the power of courts to enjoin the operation of the immigration laws, not with stays of removal in individual asylum cases." 253 F.3d at 481. In support of this conclusion, the court relied in part on *Reno v. American–Arab Anti-Discrimination Comm.,* 525 U.S. 471, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999). In *Andreiu,* we also relied on *American–Arab* for the proposition that the terms in section 1252(f) should be given their particular, precise meanings rather than interpreted more generally. *See* 253 F.3d at 481–82. Taken together, the decisions in *Andreiu* and *American–Arab* demonstrate that section 1252(f)(2) is concerned not with enjoining removal when an alien challenges the merits of a removal order, but only with enjoining removal when an alien challenges specifically either the "entry" or "execution" of a removal order.

In *American–Arab,* the Supreme Court construed 8 U.S.C. § 1252(g), another subsection of the same statute at issue here. The Court indicated that the reference to "execut[ing] removal orders" appearing in that provision should be interpreted narrowly, and not as referring to the underlying merits of the removal decision. *See* 525 U.S. at 482–87, 119 S.Ct. 936; *see also INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 2285 n. 34, 150 L.Ed.2d 347 (2001) (stating that section 1252(g) is not relevant to whether habeas review of the merits of removal orders remains available because such review does not concern the execution of removal orders). The term "execution" also appears in subsection (f)(2). It therefore follows that, if the reference to "exe-

---

**3.** The final conclusion in *Andreiu* depended in part on current and former statutory provisions regarding whether removal is automatically "stayed" upon the filing of petitions for review. *See* 253 F.3d at 480–81. These provisions are irrelevant, however, to the issue of interim relief pending appeal in a habeas case.

cution" of removal orders in subsection (g) is not sufficient to bar habeas review of the merits of such orders, then the same reference in subsection (f)(2) is not sufficient to bar the issuance of an interim injunction to stay removal where the merits of the underlying order may be defective.

## C. Absurd Results Should be Avoided

The last relevant point from *Andreiu* is that section 1252(f)(2) should be interpreted to avoid absurd results. *See* 253 F.3d at 482. As in *Andreiu*, application of section 1252(f)(2) to injunctions pending appeal in habeas cases "would effectively require the automatic deportation of large numbers of people with meritorious claims, including every applicant who presented a case of first impression." *Id.* In addition, "adherence to the rigid standard the INS urges would essentially duplicate the decision on the merits, requiring the petitioner to show a *certainty* of success." *Id.* Moreover, the en banc court's particular concern regarding the need for unsuccessful asylum applicants to avoid removal pending review of their claims, *see id.* at 484, also applies to some extent in the habeas context.

## III.

Based on the foregoing analysis, we hold that 8 U.S.C. § 1252(f)(2) does not apply to motions for injunctive relief pending appeal of habeas corpus decisions. Upon reaching a similar conclusion regarding stays of removal pending petitions for review, *Andreiu* determined that it was appropriate to apply the traditional standard for interim injunctive relief. *See* 253 F.3d at 483. We conclude that the same traditional standard applies in the context of an appeal from a decision denying an alien's habeas petition. *See also Artukovic v. Rison,* 784 F.2d 1354, 1355 (9th Cir. 1986) (amended order) (applying traditional standard in alien's appeal from denial of habeas petition challenging extradition);

*cf. Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987) ("the general standards governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the State's appeal").

Under the traditional standard for interim injunctive relief, the moving party "must show either (1) a probability of success on the merits and the possibility of irreparable harm, or (2) that serious legal questions are raised and the balance of hardships tips sharply in the [moving party's] favor." *Andreiu,* 253 F.3d at 483 (internal quotation marks and citation omitted). In addition, it is relevant to consider where the public interest lies. *See Hilton,* 481 U.S. at 776, 107 S.Ct. 2113; *see also Artukovic,* 784 F.2d at 1355.

Upon review of these factors in the present case, we grant appellant's motion for injunctive relief and his removal is hereby stayed pending disposition of this appeal.

The Clerk shall set a schedule for briefing the merits of the appeal.