**Mohammad Ali FARUQI,
Petitioner–Appellant,**

v.

**DEPARTMENT OF HOMELAND
SECURITY, Respondent–
Appellee.**

No. 03–56972.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2004.

Filed March 1, 2004.

David L. Ross and Melanie Meie Yang, Ross, Rose & Hammill, LLP, Beverly Hills, CA, for the appellant.

A. Ashley Tabaddor, Russell W. Chittenden, Leon W. Weidman, Office of the United States Attorney, Los Angeles, CA, for the appellee.

Before CANBY, NOONAN, and THOMAS, Circuit Judges.

### ORDER

We expedited this appeal and ordered briefing from the parties in order to resolve an issue affecting several other cases pending before us—that is, whether, in light of our decision in *Andreiu v. Ashcroft*, 253 F.3d 477 (9th Cir.2001) (en banc), we have jurisdiction over an interlocutory appeal of a district court order denying a stay of removal in a habeas corpus petition brought under 28 U.S.C. § 2241. *See Andreiu*, 253 F.3d at 480–83 (determining that stay of removal is not equivalent to injunctive relief). We conclude that we have appellate jurisdiction over such an interlocutory appeal, under 28 U.S.C. § 1292(a)(1).

### I

Petitioner Mohammad Ali Faruqi is a native of Pakistan and a citizen of the United Kingdom. Faruqi last entered the United States on June 6, 1999 under the Visa Waiver Pilot Program ("VWPP"), 8 U.S.C. § 1187.[1] Visitors admitted under this program may enter the country without a visa, and may stay a maximum of ninety days, in exchange for waiving their right to contest any action for deportation against them, unless that challenge is based upon an application for asylum. 8 U.S.C. § 1187(b)(2). Such visitors are ineligible for adjustment of status, except on

---

1. The Pilot Program was made permanent on October 30, 2000. *See* Visa Waiver Permanent Program Act, Pub.L. No. 106–396, 114 Stat. 1637 (2000).

the basis of either (1) an immediate relative petition or (2) an application for asylum. 8 C.F.R. §§ 217.4(b), (c), 245.1.

Faruqi remained in the United States beyond the period of stay authorized by the VWPP. However, his U.S. citizen brother filed an immediate relative petition on his behalf, and Faruqi thus sought to adjust his status accordingly, pursuant to 8 C.F.R. § 245.1. On November 7, 2003, Faruqi was interviewed by the office of the United States Citizenship and Immigration Service of Homeland Security pursuant to his pending application for adjustment of status. Faruqi's brother accompanied him, and also answered questions. Faruqi agreed to register under the Special Registration Program for aliens of certain countries, and he thus underwent additional finger-printing. Faruqi submitted tax returns, as well as a letter of employment which exceeded the minimum income requirement. Faruqi had no criminal record, and he had a wife and three U.S. citizen children.

Faruqi's brother submitted an affidavit of support on Faruqi's behalf, as required by the application; however, the District Adjudications Officer deemed the affidavit insufficient, as the brother was unemployed at the time. The Officer informed Faruqi that his application for adjustment of status could not be processed until he submitted a qualified co-sponsor's affidavit of support.

Just as the interview was coming to an end, a member of the United States Immigration and Customs Enforcement of Homeland Security ("USICE") appeared and arrested Faruqi. The District Adjudications Officer had informed the arresting officer that Faruqi was an alien in the country illegally, given Faruqi's overstay of the ninety-day maximum period provided for by the Visa Waiver Program, and given Faruqi's incomplete adjustment of status application. The Officer told Faruqi that he was therefore subject to immediate removal under 8 U.S.C. § 1227, notwithstanding his pending adjustment of status application, and notwithstanding the fact that he would have been granted permanent residency were his affidavit of support to have come from a qualified sponsor.

On November 11, 2003, Faruqi filed a petition for writ of habeas corpus and a request for an emergency stay of removal with the United States District Court for the Central District of California. On November 13, 2003, the district court denied the request for a stay of removal. Faruqi filed a timely notice of appeal, and filed a "Motion for Emergency Stay of Removal." Faruqi claimed that USICE had sought to remove him only because he was Pakistani, and a Muslim; he thus claimed he had been denied equal protection of the laws. Faruqi also claimed he had been denied due process of law by being denied a hearing prior to removal, under the terms of the VWPP.

On November 18, 2003, we issued a temporary stay of Faruqi's removal pending appeal and *sua sponte* ordered the parties to brief the issue of our appellate jurisdiction, in light of our holding in *Andreiu* that a stay of removal in an immigration petition for review is not injunctive relief. *See Andreiu*, 253 F.3d at 480–83. Both the United States and Faruqi urge us to hold that appellate jurisdiction is proper in this case.

## II

Under the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (1996), a court's decision to grant a motion for stay of

removal is governed by 8 U.S.C. § 1252(f)(2). This section states:

Notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law.

8 U.S.C. § 1252(f)(2). "Enjoin" in this section "refers only to permanent injunctive relief and not to temporary relief such as an injunction pending appeal." *Maharaj v. Ashcroft*, 295 F.3d 963, 965 (9th Cir. 2002). Therefore, we have appellate jurisdiction over Faruqi's interlocutory appeal under 28 U.S.C. § 1292(a)(1)—even in the absence of "clear and convincing evidence" that his habeas petition must be granted as a matter of law—for he appeals an interlocutory order of a United States district court refusing the temporary injunctive relief of a stay of removal pending decision of a habeas corpus petition. *See* 28 U.S.C. § 1292(a)(1)(providing for jurisdiction in the courts of appeals over "[i]nterlocutory orders" of district courts "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions").

We reasoned in *Andreiu* that we must give significance to the fact that Congress used only the term "enjoin" in section 1252(f)(2), whereas it used the terms "enjoin or restrain" in the immediately prior section 1252(f)(1). *See Andreiu*, 253 F.3d at 480–83. We therefore stated: "The clear concern of [section 1252(f)] is limiting the power of courts to enjoin the operation of the immigration laws, not with stays of removal in individual asylum cases." *Id.* at 481; *see also Reno v. American–Arab Anti–Discrimination Comm.* ("*AADC*"), 525 U.S. 471, 481–82, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999). As Faruqi does not seek classwide injunctive relief against the

operation of certain immigration laws, nor does he challenge a discretionary decision of USICE, but rather, attacks only the merits of his own underlying order of removal via petition for habeas corpus, section 1252(f) does not bar interim relief pending decision on the merits. *See Maharaj*, 295 F.3d at 966.

## III

■ The district court properly followed our rulings in *Andreiu* and *Maharaj* in holding that section 1252(f)(2) applies only to permanent injunctive relief, and in holding that the traditional standard for interim injunctive relief thus applies in this case. *See Andreiu*, 253 F.3d at 483(applying the standard set forth in *Abbassi v. INS*, 143 F.3d 513 (9th Cir.1998)); *Maharaj*, 295 F.3d at 966.

We relied in *Andreiu* on the Supreme Court's construction of section 1252(f)(2) in *AADC*, 525 U.S. at 481–82, 119 S.Ct. 936 (1999) as prohibiting federal courts from granting classwide injunctive relief against the operation of certain INA provisions, but not as prohibiting the granting of relief in individual cases. *Andreiu*, 253 F.3d at 481. When Congress wanted to restrict stays pending appeal, it expressly used the term "stay," as in 8 U.S.C. § 1252(b)(3)(B) (service of petition for review does not "stay" removal pending court's decision unless the court so orders), and Congress would likely have explicitly used the term "stay" in section 1252(f)(2) instead of the term "enjoin" had Congress intended to require a heightened standard of review for stays pending appeal. *Andreiu*, 253 F.3d at 480–81.

■ Even though the district court order here denies an injunction pending appeal, Faruqi's requested stay would merely "restrain," and not "enjoin," his removal, by the terms of 8 U.S.C. § 1252(f); thus, Faruqi need meet only the traditional

standard for injunctive relief, and not the "clear and convincing evidence" standard mandated by 8 U.S.C. § 1252(f)(2). Under the traditional standard, Faruqi must show either "(1) a probability of success on the merits and the possibility of irreparable injury, or (2) that serious legal questions are raised and the balance of hardships tips sharply in [his] favor;" the court must also consider the public interest. *Andreiu*, 253 F.3d at 483 (quoting *Abbassi*, 143 F.3d at 514).

## CONCLUSION

In sum, we have jurisdiction under 28 U.S.C. § 1292(a)(1) over Petitioner's interlocutory appeal of the district court order denying his request for a stay of removal in his 28 U.S.C. § 2241 habeas corpus petition. Petitioner need only satisfy the traditional standard for obtaining such injunctive relief. We continue the existing stay of Petitioner's removal pending resolution of this appeal, and the parties are directed to proceed with filing of briefs on the merits of the appeal in accordance with the requirements of the Federal Rules of Appellate Procedure.

**APPELLATE JURISDICTION CONFIRMED; BRIEFING ORDERED.**