**Aldo GIANNI; Liliana Gianni; Melina Gianni; Lautaro Gianni, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70616.

United States Court of Appeals, Ninth Circuit.

**612**

Submitted Aug. 10, 2007.*

Filed Aug. 14, 2007.

Francisco J. Aldana, Esq., Law Offices of Francisco J. Aldana, San Diego, CA, for Petitioners.

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jamie M. Dowd, Esq.,

DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, KLEINFELD, and TALLMAN, Circuit Judges.

### MEMORANDUM **

1. We have jurisdiction to review the BIA's finding that the Giannis have not satisfied an exception to the one-year filing deadline for asylum applications. *See Ramadan v. Gonzales,* 479 F.3d 646, 655–58 (9th Cir.2007) (per curiam); *see also* 8 U.S.C. § 1158(a)(2)(B), (D). The record does not compel the conclusion that the Giannis established changed or extraordinary circumstances to excuse the late filing of their asylum applications. *See Ramadan,* 479 F.3d at 658. A regime change in Argentina occurred several months *before* the one-year deadline expired. The Giannis' claim that they detrimentally relied on the legal advice of a Catholic priest is insufficient to establish ineffective assistance of counsel for purposes of the extraordinary circumstances exception, *see* 8 C.F.R. § 1208.4(a)(5)(iii), because there is no indication in the record that the Giannis thought the priest was a lawyer or that he held himself out as one. *Cf. Barroso v. Gonzales,* 429 F.3d 1195, 1197 (9th Cir. 2005) (unlicensed "notario" convinced petitioner that he was a lawyer); *Albillo–DeLeon v. Gonzales,* 410 F.3d 1090, 1094 (9th Cir.2005) (same).

2. The record does not establish past persecution on account of Gianni's efforts to reform his labor union's corrupt practices, *cf. Lanza v. Ashcroft,* 389 F.3d 917,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

934 (9th Cir.2004), and there is insufficient evidence to establish that the Giannis more likely than not would be persecuted on account of their political opinion or social affiliation upon returning to Argentina. *See Al–Harbi v. INS,* 242 F.3d 882, 888 (9th Cir.2001). As a result, substantial evidence supports the BIA's denial of withholding of removal. *See Khourassany v. INS,* 208 F.3d 1096, 1100 (9th Cir.2000).

3. In his opening brief, Gianni failed to specifically address, and therefore has waived any challenge to, the BIA's determination that he and his family are ineligible for relief under the Convention Against Torture. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996); *see also* Fed. R.App. P. 28(a)(9).

4. The BIA did not err in denying voluntary departure because the statute governing admission under the Visa Waiver Program does not authorize removable aliens to request such relief. *See* 8 U.S.C. § 1187(b)(2); *Faruqi v. Dep't of Homeland Security,* 360 F.3d 985, 986–87 (9th Cir. 2004).

**DENIED.**